UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN MATTHEWS, | ) | 1:09-CV-01822 LJO GSA HC |
|          Petitioner, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| SUSAN FISHER, | ) ) | [Doc. #11] |
|          Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at Corcoran State Prison serving a term of 25 years to life for his 1993 conviction of second degree murder. See Petition at 2. Petitioner challenges a parole hearing held on March 17, 2006, wherein Petitioner was denied parole. See Petition.

It appears Petitioner did not administratively appeal the decision. However, he filed petitions

for writ of habeas corpus in the state courts as follows[1]:

1. Kings County Superior Court
Filed: July 9, 2006;
Denied: August 22, 2007;

2. California Court of Appeals, Second Appellate District
Filed: October 18, 2007;
Denied: November 9, 2007;

3. California Supreme Court
Filed: March 24, 2008;
Denied: August 27, 2008;

4. California Supreme Court
Filed: April 20, 2009;
Denied: September 17, 2009.

See Answer, Exhibits 1-8.

On October 6, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on January 11, 2010, for violating the statute of limitations. Petitioner filed an opposition on January 27, 2010. Respondent filed a reply to the opposition on February 2, 2010.

**DISCUSSION**

I. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

---

[1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore under the mailbox rule, the Court deems the various petitions filed on the date Petitioner signed and presumably handed his petition to prison authorities for mailing.

state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 6, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole denial, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). In this case, Petitioner did not administratively appeal. Respondent argues the factual predicate of Petitioner's claims was the actual denial by the Board and therefore should serve as the start date of the limitations period. Petitioner contends that the limitations period did not commence until the time for filing an appeal ended, which pursuant to Cal. Penal Code § 3041(b) was 120 days later. The Court finds Petitioner's argument to be persuasive. In Webb v. Walker, 2008 WL 4224619 *4 (E.D.Cal. 2008), the Court noted that "[t]aken in the proper context and the discussion of the *Redd* panel, the true holding in *Redd* is that the time starts to run when the administrative decision is final." In the case of parole hearings, the decision becomes final 120 days after the date of the hearing. See Cal. Penal Code § 3041(b). Here, the board denied parole on March 17, 2006, and the parole decision became final 120 days later on July 15, 2006. Therefore, the limitations period commenced on July 16, 2006. Under Section 2244(d)(1)(D), Petitioner had one year until July 15, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until October 6, 2009, which was over two years after the limitations period had expired.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner's first state habeas petition was filed in Kings County Superior Court on July 9, 2006. It was transferred to Los Angeles County Superior Court and denied on August 22, 2007. Respondent concedes the limitation period was tolled while the petition was pending until it was denied. Petitioner next filed a habeas petition in the appellate court 57 days later on October 18, 2007. Respondent concedes Petitioner is entitled to tolling for this interval, and for the time the second petition was pending in the appellate court until it was denied on November 9, 2007.

Petitioner next filed a state habeas petition on March 24, 2008, in the California Supreme Court. Respondent argues that this 136-day time interval should not be tolled because Petitioner did not timely proceed from one state court to the next appellate level. Respondent's argument is persuasive. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for this interval if he did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's delay of 136 days is unreasonable. The delay is far greater than the short period of time of 30 to 60 days provided by most States for filing an appeal. A delay of 136 days, when only 30 or at most 60 days is normally allotted, is excessive. Therefore, Petitioner is not entitled to tolling for the 136-day interval. Nevertheless, Respondent concedes the limitations period was tolled during the time the petition was pending until it was denied on August 27, 2008. Petitioner then filed a second habeas petition in the California Supreme Court 240 days later on April 24, 2009. Respondent correctly argues that the interval between the two petitions in the California Supreme Court is not tolled because Petitioner unduly delayed and was not proceeding to the next appellate level. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197. Therefore, the limitations period resumed on August 28, 2008 with 229 days remaining (365 - 136 = 229), and expired on April 14, 2009. The second habeas petition in the California Supreme Court had no tolling consequences because the limitations period had already expired at the time it was filed. Therefore, the instant federal petition filed on October 6, 2009, was untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may
2  waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
3  1991).

IT IS SO ORDERED.

**Dated:**   **February 10, 2010**                             /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE